# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 26, 2012 Session

## IN RE ESTATE OF REGINALD BOYA DEMONBREUN

**Appeal from the Probate Court for Davidson County**
**No. 09P1695      David Randall Kennedy, Judge**

**No. M2011-00161-COA-R3-CV - Filed February 8, 2012**

Personal representative appeals from order granting $27,900 claim against decedent's estate. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Mark Edward Chapman and Sullivan F. Marsden, Nashville, Tennessee, for the appellant, Larry C. Demonbreun.

Gregory M. Galloway, Nashville, Tennessee, for the appellee, Claude Peters.

### MEMORANDUM OPINION[1]

The appellant, Larry C. Demonbreun ("Mr. Demonbreun"), is the brother and personal representative of Reginald Boya Demonbreun ("decedent"). The decedent died unmarried and intestate on September 26, 2009. He had neither living children nor deceased children with living issue. Together, the decedent and the appellee, Claude Peters ("Mr. Peters"), had purchased property at 2119 Courtney Avenue, Nashville, Tennessee, which was the decedent's residence at the time of death. On September 3, 2009, Mr. Peters quit claimed his half of the property (worth $35,000) to the decedent. The note memorializing this

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case. Tenn. R. Ct. App. 10.

purchase is dated September 14, 2009, is signed by Mr. Peters (seller) and the decedent (buyer), and states that the decedent will pay $600 each month until the balance ($27,900) is paid in full.

Mr. Peters filed a $27,900 claim for the unpaid balance against the decedent's estate on November 25, 2009, but could not produce the original promissory note. Instead, he produced a photocopy of the original promissory note. Mr. Demonbreun filed an exception to Mr. Peters's claim on March 24, 2010. At the October 13, 2010 hearing, Mr. Demonbreun argued that, based on the markings that resemble the top portion of a notary seal below the signature line, the decedent's signature was photocopied onto the photocopy presented to the court. The original promissory note was not notarized. Mr. Peters has no explanation as to why there are markings below the signature line on the copy of the promissory note. In addition to Mr. Peters, two witnesses testified that they saw Mr. Peters and the decedent execute the promissory note in question. By order entered December 3, 2010, the probate court granted Mr. Peters's $27,900 claim against the decedent's estate, finding that the photocopy of the promissory note was admissible pursuant to Tenn. R. Evid. 1004(1).[2]

On appeal, Mr. Demonbreun argues that because he raised a genuine question as to the promissory note's authenticity, the best evidence rule should have barred its admission.

STANDARD OF REVIEW

Our review of the trial court's findings of fact is de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

The admissibility of evidence is within the trial court's sound discretion, and we review the trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.,* 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 442 (Tenn. 1992). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the

---

[2] Tenn. R. Evid. 1004(1) provides in relevant part that: "The original is not required, and other evidence of a writing, recording, or photograph is admissible if: (1) All originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith . . . ."

complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 524 (Tenn. 2010).

ANALYSIS

After a full hearing in which four witnesses including Mr. Peters testified, the probate court found that "[Mr. Peters'] testimony is sufficient although not overwhelming that the original instrument that he had was lost." The probate court thus admitted the photocopy of the promissory note in support of Mr. Peters's claim against the decedent's estate. Furthermore, the court noted that there was no testimony presented that the signature on the photocopy of the promissory note was not the decedent's signature. We have carefully reviewed the record, and given the probate court's unique position to assess the evidence and the credibility of the witnesses, we conclude that the evidence does not preponderate against the probate court's decision and that the court did not abuse its discretion in admitting a photocopy of the promissory note.

Costs of appeal are assessed against Larry C. Demonbreun, the appellant.

_____
ANDY D. BENNETT, JUDGE